W. F. SHAWVER CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 34252. Promulgated September 10, 1930.

*Arthur S. Dayton, Esq.*, for the petitioner.
*C. H. Curl, Esq.*, for the respondent.

## OPINION.

Van Fossan: The controlling question presented in this proceeding is whether in filing its tax return for 1921 petitioner was guilty of fraud with intent to evade tax. If no fraud existed, the alleged deficiency in tax is admittedly barred by the statute of limitations.

The hearing in this case having occurred since the passage of the Revenue Act of 1928, the burden of proof rests on respondent. Moreover, in order to sustain the charge of fraud the evidence must be clear and convincing. *George L. Rickard*, 15 B. T. A. 316; *M. Rea Gano*, 19 B. T. A. 518.

Petitioner frankly admits that the "comedy of errors" in bookkeeping reflected in the findings of fact had its inception in the conviction that the profit originally computed by his son on the sale of certain property was too large and would entail an excessive tax. There is nothing reprehensible in an honest effort to reduce taxes to the minimum required by law. Theoretically, at least, there can be but one correct amount of tax due. The precise ascertainment of this amount is seldom free from difficulty, however, and in the divergence of views as to what constitutes such correct amount most tax cases and controversies have their origin.

In some respects this case is typical of many others. Petitioner's business had grown from small beginnings until it attained considerable size and many ramifications. W. F. Shawver, Sr., petitioner's president and principal owner, was an "outside man" who looked after the contract jobs in progress. He had no knowledge or understanding of bookkeeping, but employed his son in such capacity. The son was inexperienced and had to depend largely on his judgment as to classification of items and the propriety of entries. Periodically a more experienced man was consulted or called in to close the books.

In the course of its activity petitioner had a building erected on a cost-plus contract. Being engaged in the roofing business, petitioner built the roof, added a cornice, and did many other things within its ability, all tending to lessen the contract cost.

In recording the expenditures in its books these and many other items of similar character were charged to expense. Whether deductions on tax returns were taken accordingly does not appear and is not here material. When petitioner sold the building and the son made a computation of profit, the elder Shawver was convinced that the cost had not been properly computed and that the profit

was unreasonably high. He, accordingly, employed an accountant of some experience in whom he had confidence and entrusted him with the task of examining the books and ascertaining true cost. The accountant proceeded to this task, determined that many capital cost 'items had been charged to expense and made various entries calculated to correct the books in accordance with his views.

Petitioner made no attempt to control or direct the accountant in his work and, when he could, furnished such information as was requested. He gave the accountant full and free access to all books and records and concealed nothing. There is no evidence whatever of any conspiracy or collusion in this work to the end of building up a false cost. From the evidence before us there seems little doubt that many items of true cost had been charged to expense and were not properly reflected on petitioner's books. The ascertainment of the true character of the individual items, however, need not detain us in view of the conclusion we have reached as to the issue of fraud.

Following the audit the accountant credited "accounts payable" with $30,073.44, being the aggregate of the items improperly, so he determined, charged to expense. This entry confused the younger Shawver and on his own motion he charged surplus with the amount, explaining his reason for the alteration by a note on the records. Thereafter, he told his father what he had done. The father again consulted the same accountant and was told to reverse the entry and leave the item where he had entered it and this was done.

In this muddled state of accounts the revenue agent scented fraud and petitioner was charged accordingly.

The record shows inefficiency and ignorance of proper accounting, but it fails to reveal any fraudulent intent or design to evade taxes. The proof offered by respondent does not establish the charge of fraud.

*Judgment will be entered for the petitioner.*